IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHRONDA HUNT                       :

        v.                           :   Civil Action No. DKC 11-2567

KAISER PERMANENTE                  :

**MEMORANDUM OPINION**

Plaintiff Shronda Hunt, proceeding *pro se*, commenced this action by filing a complaint in the Circuit Court for Prince George's County, Maryland. While the complaint is inartfully drafted, it appears to relate to an altercation between Plaintiff and an employee of Defendant Kaiser Permanente, which resulted in Plaintiff's arrest and felony conviction. The complaint purports to raise claims of "false imprisonment, conspiracy, assault by [Defendant's] employee, false statement[s] by their employee resulting in two (2) felony convictions, personal injury, [and] violation of civil and constitutional rights." (ECF No. 2).

Defendant timely removed to this court. Noting that the complaint alleges "violation of civil and constitutional rights," Defendant asserted in its notice of removal that the "case is removable pursuant to 28 U.S.C. § 1441 because this

[c]ourt has original jurisdiction under 28 U.S.C. § 1331[.]" (ECF No. 1 ¶ 4).

On June 1, 2012, the court, *sua sponte*, issued an order directing Defendant to show cause why the case should not be remanded to the Circuit Court for Prince George's County. (ECF No. 13). The court observed that "[t]he talismanic invocation of constitutional language in a complaint . . . is not sufficient to create jurisdiction unless there is at least a colorable constitutional violation." (*Id*. at 3 (quoting *Saloum v. United States CIS*, 437 F.3d 238, 243 (2nd Cir. 2006) (internal marks omitted)). It further explained that because the complaint "appears to present common law tort claims, not a 'colorable constitutional violation,' . . . it appears that the case was improperly removed." (*Id*.).

In response to the show cause order, Defendant argues that the fact that Plaintiff has failed to state a constitutional claim does not defeat jurisdiction. According to Defendant, the complaint's "allegations, liberally construed, are that an agent of Kaiser verbally and physically assaulted [Plaintiff], and made statements to law enforcement authorities that led to her arrest, imprisonment, and two felony convictions." (ECF No. 14, at 4). Construed in this manner, Defendant suggests that "the complaint states colorable claims that Plaintiff's substantive

due process rights were violated or that Kaiser violated one or more federal civil rights statutes." (*Id.*).

Whether a complaint filed in state court presents a federal question is determined based on the "well pleaded complaint rule." Thus, unless the federal claim necessarily appears in the plaintiff's statement of her own case, there is no federal question jurisdiction. Here, the complaint merely mentions "civil and constitutional rights," and alleges false statements resulting in a felony conviction, but does not include the word "federal" or refer to a federal statute. It is axiomatic that private persons are not liable for federal civil rights violations as a general rule. *See, e.g., Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-42 (4th Cir. 2000) (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)). Rather, unless action is taken under color of state law, there can be no viable federal claim. The mere provision of information to the police, even if false, does not give rise to a federal claim, unless there is evidence that the private party and state actor shared a common unlawful goal. *See, e.g., Anilao v. Spota*, 774 F.Supp.2d 457, 498 (E.D.N.Y. 2011); *Castro v. County of Nassau*, 739 F.Supp.2d 153, 173 (E.D.N.Y. 2010).

As Defendant observes, there is a doctrinal difference between merely failing to state a claim and the absence of a federal claim for jurisdictional purposes. Nevertheless, the

3

doctrine of substantiality remains a significant hurdle to federal jurisdiction. As the Fourth Circuit explained in *Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988):

> The *Hagans* [*v. Lavine*, 415 U.S. 528 1974)] court made clear that dismissal for insubstantiality is appropriate only where the proffered claim is truly frivolous. Cases which are doubtful on the merits, even those which cannot survive a Fed.R.Civ.P. 12(b)(6) motion for failure to state a claim, still are substantial enough to support federal jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Nevertheless, *Hagans* stands for the proposition that federal courts are without jurisdiction to hear frivolous constitutional claims. . . .
>
> The doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system. The importance of the substantiality doctrine lies in the difference between dismissing a weak federal claim via Fed.R.Civ.P. 12(b)(6) or in dismissing it for lack of jurisdiction. If a court disposes of the claim on the merits, it retains the power to decide any attendant state law issues or pendent state law claims. If the federal claim is found insubstantial, however, the court is also without jurisdiction to decide any state issues or claims and they must be resolved in state court. The Federal courts must, therefore, guard against the litigant who frames a pretextual federal issue solely for the purpose of having a state law claim adjudicated in the federal system. An informed sense of comity cautions against the federal courts taking such cases and Article III of the Constitution forbids it.

(Internal footnote omitted).

Here, as in *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 n. 5 (4th Cir. 2004), the attempt by Defendant to interpret Plaintiff's complaint as stating some amorphous federal due process claim is too insubstantial to invoke federal question jurisdiction:

> To the extent that Dixon's complaint can be interpreted as stating a cause of action based directly on the First Amendment, such a claim would be too insubstantial to invoke federal question jurisdiction because the First Amendment does not apply to private employers. *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.") (internal quotation marks and citations omitted); *see also Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988) (same).

Because the face of Plaintiff's complaint does not set forth a colorable federal constitutional claim, and considering that all doubt is to be resolved against exercising jurisdiction, removal was improper and the case will be remanded to the Circuit Court for Prince George's County. A separate order will follow.

                                        _____/s/_____
                                        DEBORAH K. CHASANOW
                                        United States District Judge